## John Lefavour *vs.* Sarah W. Homan.

A disseisin of one tenant in common by another may be shown by a long continued series of acts indicating a decisive intent and purpose to occupy the premises to the exclusion and in denial of the right of the former; and such disseisin may be inferred from circumstances.

Writ of entry to recover possession of one undivided half of certain premises in Marblehead, which formerly belonged to Thomas Furnace, who died in 1826, when the same descended to his two daughters, under whom the present parties respectively claim. It was agreed that the tenant and those under whom she claims have been in open, peaceable and undisturbed possession of the whole of the premises since 1829, paying taxes upon the same and taking the whole of the rents and profits to their own use. On these facts judgment was rendered in the superior court for the tenant, and the demandant appealed to this court.

*J. H. Robinson,* for the demandant, cited *Bigelow* v. *Jones,* 10 Pick. 162; *Roberts* v. *Morgan,* 30 Verm. 324; *Colburn* v. *Mason,* 25 Maine, 434; *Porter* v. *Hooper,* 13 Maine, 28; *M' Clung*

v. *Ross*, 5 Wheat. 116 ; *Fairclaim* v. *Shackleton*, 5 Burr. 2604 ; *Lloyd* v. *Gordon*, 2 Har. & McHen. 254 ; *Forward* v. *Deetz*, 32 Penn. State R. 69.

*J. A. Gillis*, for the tenant.

Bigelow, C. J. The rule of law applicable to the state of facts presented by this case is well settled and familiar. While it is true that the seisin and possession of one tenant in common is to be taken as the seisin and possession of his co-tenant, and the occupation of one will be deemed to be in conformity to his right and title as tenant in common and not to be adverse, so that mere lapse of time will not necessarily or of itself bar the right of the co-tenant, it is also true that there may be an actual ouster of one tenant in common by another, and that on such ouster the possession at once becomes adverse, and if continued for twenty years, the right of entry of the co-tenant would be thereby barred. Therefore it is necessary, in order to maintain a title by disseisin by one tenant in common against another, to show some act or series of acts to indicate a decisive intent and purpose to occupy the premises to the exclusion and in denial of the right of the other. The facts which will sufficiently prove such ouster and adverse possession will vary according to the different circumstances of parties, and no definite and positive rule can be laid down by which all cases can be governed. It may however be safely said that a sole and uninterrupted possession and pernancy of the profits by one tenant in common, with the knowledge of the other, continued for a long series of years without any possession or claim of right and without any perception of profits or demand for them by the co-tenant, if unexplained or controlled by any evidence tending to show a reason for such neglect or omission to assert a right, will furnish evidence from which a jury may and ought to infer an actual ouster and adverse possession. *Doe* v. *Prosser*, Cowp. 217. *Culley* v. *Taylerson*, 11 Ad. & El. 1008. *Rickard* v. *Rickard*, 13 Pick 251, 254. *Parker* v. *Proprietors of Locks & Canals*, 3 Met. 91, 100. Such an inference is reasonable and justified under the circumstances, because men do not ordinarily sleep on their rights for so long a period, and a strong presumption arises that

actual proof of the original ouster has become lost by lapse of time. If it had appeared in the present case that the tenant and those under whom he claims title had occupied the demanded premises under deeds which purported to convey the whole estate with warranty, their possession would have been referred to the title under which they entered and occupied, and would have shown an actual ouster of the co-tenants. The legal presumption in such case would be, that the grantees successively entered and held the estate in conformity to their several purchases as sole and exclusive owners. But the conveyances in the chain of title by which the tenant claims to hold the estate are only deeds of quitclaim, by which each grantor conveys not the whole estate but only his right, title and interest therein. These conveyances would rather seem to show that there was a question as to the right of the grantors to convey the whole estate, and tend to throw a doubt on the nature of the occupancy of the successive grantees under their deeds.

It appears to us that the statement of facts on which the parties have presented this case is not sufficiently full and explicit to enable the court to determine intelligently on the rights of the parties, or to apply with accuracy the rules of law on which their respective rights depend. The better course therefore is to discharge the facts and order the case to stand for trial, so that an opportunity may be given for a full investigation of the facts. We are the more inclined to adopt this course, because the case as it now comes before us does not present a pure question of law, but a mixed question of law and fact. It is not therefore properly brought here by an appeal from the judgment of the superior court. *Cochrane* v. *Boston,* 1 Allen, 480.

*Facts discharged.*